UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA     :

     -v-                  :

ERIC SKYS,     :

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**INDICTMENT**

08 Cr.

08 CRIM 688

### COUNT ONE
(Securities Fraud)

The Grand Jury charges:

**Relevant Persons and Entities**

1. At all times relevant to this Indictment, Kaiser Himmel Corporation ("Kaiser Himmel"), a Delaware corporation that purportedly engaged in the business of providing computer or information technology consulting services, maintained a place of business in Rockwood, Pennsylvania.

2. At all times relevant to this Indictment, Sprint-Nextel Corporation ("Sprint") was a Kansas corporation based in Overland Park, Kansas. Sprint, through its affiliated entities, owns one of the largest telecommunications networks in the United States, offers a comprehensive range of wireless and wireline communications services to consumers and businesses, and operates one of the nation's largest broadband networks and one of its largest long distance telephone services. Sprint's common stock was registered with the United States Securities and Exchange Commission ("SEC") and traded on the New York Stock Exchange under the ticker symbol "S."

3. At all times relevant to this Indictment, ERIC SKYS, the defendant, a resident of Pennsylvania, held himself out to be the Chairman, President and Chief Executive Officer ("CEO") of Kaiser Himmel.

4. At all times relevant to this Indictment, an entity referred to herein as "Bank #1" was a financial institution organized under federal law that maintained offices around the world, including in, among other places, New York, New York, and Georgia.

### The Fraudulent Scheme

5. From at least in or about August 2007 to at least in or about January 2008, ERIC SKYS, the defendant, and others known and unknown, engaged in an illegal scheme to defraud several financial institutions, including Bank #1 (collectively, the "Banks"), out of tens of million of dollars. To effect this illegal scheme, SKYS made, or caused others to make, false and fraudulent representations to the Banks that Sprint had awarded millions of shares of its common stock to Kaiser Himmel as payment for goods and services allegedly supplied to Sprint by Kaiser Himmel. Specifically, SKYS, and others known and unknown, falsely represented to the Banks that:

(a) Kaiser Himmel had provided substantial goods and services to Sprint, pertaining to some form of computer technology;

(b) as compensation for those goods and services, Sprint had awarded to Kaiser Himmel a total of approximately 13.4 million shares of Sprint common stock;

2

  (c) this stock award from Sprint to Kaiser Himmel was memorialized in a written agreement, and again later in a written amendment thereto;

  (d) the stock had been transferred to an account controlled by either Kaiser Himmel or SKYS;

  (e) certain restrictions had been placed on those shares that prohibited Kaiser Himmel from selling those shares for approximately one year; and

  (f) those restrictions would be lifted, and the shares would become freely tradeable, at the end of October 2008.

  6. ERIC SKYS, the defendant, made, and caused others to make, these false and fraudulent representations in order to induce the Banks to give cash to SKYS and/or Kaiser Himmel in exchange for (a) a pledge to the Banks of an ownership interest in the Sprint shares, (b) a prepaid forward sale of the Sprint shares, or (c) some other financial transaction whereby Kaiser Himmel could use its ownership of the restricted Sprint shares to obtain cash presently.

  7. As part of the scheme, ERIC SKYS, the defendant, and others known and unknown, created and sent to the Banks fabricated documents, such as contracts signed with forged signatures of Sprint management, altered e-mails and false securities account statements, which made it appear to the Banks that Kaiser Himmel actually possessed the Sprint shares, when in fact, and as SKYS well knew, it did not.

3

### Statutory Allegation

8.      From at least in or about August 2007 to at least in or about January 2008, in the Southern District of New York and elsewhere, ERIC SKYS, the defendant, unlawfully, willfully, and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons in connection with the purchase and sale of securities.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

### COUNTS TWO THROUGH FOUR

(Wire Fraud)

The Grand Jury further charges:

9.      The allegations contained in paragraphs 1 through 7 of this Indictment are repeated and realleged as if fully set forth herein.

10.     From at least in or about August 2007 to at least in or about January 2008, in the Southern District of New York and elsewhere, ERIC SKYS, the defendant, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud

4

and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to wit, a scheme to defraud financial institutions into giving or loaning SKYS and Kaiser Himmel millions of dollars, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce the following writings, signs, signals, pictures and sounds, for the purpose of executing such scheme and artifice, as set forth below:

| Count | Wire Transfer | Approximate Date | Sent From | Sent To |
|---|---|---|---|---|
| Two | Fax transmission | September 24, 2007 | Florida | New York, NY |
| Three | Telephone call | September 25, 2007 | Pennsylvania | New York, NY |
| Four | Fax transmission | October 9, 2007 | Pennsylvania | New York, NY |

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT FIVE

(Bank Fraud)

The Grand Jury further charges:

11.     The allegations contained in paragraphs 1 through 7 of this Indictment are repeated and realleged as if fully set forth herein.

12.     From at least in or about August 2007 to in or about October 2007, in the Southern District of New York and elsewhere, ERIC SKYS, the defendant, unlawfully, willfully, and knowingly, did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, and to obtain moneys, funds, credits, assets, securities and other property owned by

5

and under the custody and control of a financial institution, by means of false and fraudulent pretenses, representations and promises, to wit, SKYS falsely claimed to own and control, through Kaiser Himmel, millions of shares of Sprint, in order fraudulently to induce Bank #1 to give or loan millions of dollars to Kaiser Himmel.

(Title 18, United States Code, Sections 1344 and 2.)

_____
Foreperson

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

ERIC SKYS,

Defendant.

INDICTMENT

08 Cr.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Sections 1343, 1344 and 2)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

*Keith Miller*
Foreperson.

*indictment filed, case assigned to Judge Pauley.*

*F. Maas, USMJ*